No. 1093.

### JOHN M. DEFEE vs. C. D. COVINGTON.

When, in a case unappealable to this Court on the main demand, but appealable on the reconventional demand, the verdict of the jury is for a "balance," and the judgment upon it is in accordance, this Court cannot review the merits of the controversy between the litigants without unavoidably considering the main case. It can neither affirm nor reverse the judgment for correction or incorrectness.

There should have been two findings, and if correct, the judgment should have been in consonance.

The District Judge found the verdict erroneous, and should have granted a new trial.

APPEAL from the Third District Court, Parish of Union   *Graham, J.*

*John Young* and *A. Barksdale* for Plaintiff and Appellant.

*G. H. Ellis* and *Rutland & Killgore* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  The plaintiff sued for less than one thousand dollars. The defendant reconvened, claiming more than twice that sum. The case was tried by a jury, who returned a verdict for less than one thousand dollars ($524), upon which judgment for defendant was rendered, from which he appeals.

The verdict is for "*a balance.*" It is evident that, in arriving at the conclusion which they reached, the jury deducted from the amount which they found that the defendant should recover, the sum to which, in their mind, the plaintiff was entitled, but which they did not specify.

There should have been two findings in the case, one on the main, another on the reconventional demand.

The judgment in the main case was appealable to the Circuit Court; that on the reconventional demand to this Court.

In the condition in which the matter is brought up, we cannot determine whether the verdict and judgment upon it are or not correct. We can neither affirm nor reverse the same, after inquiry into the merits, without inevitably considering the main demand which, by the action of both jury and Judge, was blended with the reconventional demand.

The District Judge says that the verdict is erroneous, that the case should have been tried *de novo*, but that, as twice before, the verdict of the jury had been set aside, he thought it was better that the matter such as it stood should be brought up to this Court for final determination.

The only action which we can take in this matter is to set aside the

verdict, annul the judgment, and remand the case for trial according to law.

It is therefore ordered and decreed that the verdict herein be set aside, that the judgment thereon be annulled, and that this case be remanded for a new trial according to the views herein expressed, and according to law, at cost of appellant.